# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSEPH CHURCHILL,

    Petitioner,

v.

WARDEN, SOUTHEASTERN
CORRECTIONAL COMPLEX,

    Respondent.

CASE NO. 2:17-CV-0690
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1-2). Petitioner has also filed a Motion for Leave to Proceed *in forma pauperis*. (Docs. 1, 3, 5). For good cause shown, the Court **GRANTS** Petitioner's Motion for Leave to Proceed *in forma pauperis* and **ORDERS** that Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is likewise before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

Petitioner was convicted of four counts of breaking and entering on May 27, 2015, in the Franklin County Court of Common Pleas after entering a plea of guilty. Although Petitioner did not appeal, he filed a Motion to Withdraw his Guilty Plea on February 19, 2016, alleging

ineffective assistance of trial counsel. The trial court denied Petitioner's Motion on March 29, 2016, and Petitioner did not file a timely appeal. On June 20, 2016, Petitioner filed a Motion for Leave to File a Delayed Appeal in the Ohio Court of Appeals, claiming that he was delayed in receiving the trial court's denial of his Motion for Leave to Withdraw his Guilty Plea due to his transfer to another institution. The Court of Appeals found that Petitioner failed to set forth good cause for his failure to file a timely appeal, denied Petitioner's Motion, and dismissed the case. *See* January 25, 2016 Journal Entry in *State of Ohio v. Churchill*, No. 16AP-460.

Petitioner did not timely appeal the Court of Appeals' decision to the Ohio Supreme Court but again filed a Motion for Delayed Appeal, claiming he was unable to get his affidavit of indigency notarized within the institution. *See* May 3, 2017 Motion to File Delayed Appeal in *State of Ohio v. Churchill*, No. 17-595. On June 21, 2017, the Ohio Supreme Court denied Petitioner's Motion to File a Delayed Appeal. *See* June 21, 2017 Entry in *State of Ohio v. Churchill*, No. 17-595.

Petitioner submitted his habeas corpus petition to this Court on August 7, 2017. (Doc. 1-2). Petitioner asserts the following:

> GROUND ONE: Ineffective assistance of counsel for failure to challenge Indictment for cocaine possession.
>
> On 6-23-14, defendant plead guilty to Indictment 13CR002619, in exchange, the State agreed not to indict the defendant for possession of cocaine stemming from an arrest on 5-4-14. However, on 8-8-14, the defendant was indicted. Had counsel challenged the Indictment the outcome would have been different.
>
> GROUND TWO: Counsel was ineffective for failure to investigate and challenge "failure to appear," Indictment.
>
> Although counsel had strong reason to believe that the defendant attempted to self report on 7-7-14, and again on 7-8-14, failed to investigate Indictment. Had counsel investigated the outcome would have been different.

2

> GROUND THREE: Counsel was ineffective for failure to preserve speedy trial and misconsolidating Indictments.
>
> Counsel was ineffective for waiving defendant's rights to speedy trial, even though defend[ant] refused to sign waiver. Counsel added two (2) more Indictment to each waiver, even though the Indictments were not listed on the State's motion to consolidate.
>
> GROUND FOUR: Counsel was ineffective for giving incorrect legal advice which resulted in client pleading guilty.
>
> Counsel told defendant that he was facing 13.5 years if he went to trial and lost and used incorrect court documentation to support his claim. Had counsel correctly advised defendant, defendant would not have pled guilty.

(*Id.* at 6–11).

**Procedural Default**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991). This Court may *sua sponte* raise the issue of procedural default when conducting preliminary review of the habeas corpus petition under Rule 4. *See Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2

(S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default *sua sponte*, neither are they precluded from doing so.").

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken to determine if a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural

forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for the failure to follow the procedural rule and the alleged constitutional error caused actual prejudice. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94, 95 (6th Cir. 1985).

Here, Petitioner alleges that he presented his claims in the Motion to Withdraw his Guilty Plea. Even taking that to be true, he failed to file a timely appeal of the trial court's denial of the Motion to the Ohio Court of Appeals. Further, the Court of Appeals denied Petitioner's Motion to File a Delayed Appeal. Again, Petitioner failed to file a timely appeal of that decision and sought leave to file a delayed appeal in the Ohio Supreme Court. *See* January 25, 2016 Journal Entry in *State of Ohio v. Churchill*, No. 16AP-460. Like the Court of Appeals, the Ohio Supreme Court denied Petitioner's Motion to File a Delayed Appeal. *See* June 21, 2017 Entry in *State of Ohio v. Churchill*, No. 17-595.

The denial of a motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal habeas corpus review. *See Whitson v. Clipper*, No. 1:14-cv-2718, 2015 WL 3905104, at *2-3 (N.D. Ohio June 25, 2015) (the denial of a motion for leave to appeal is an adequate and independent state procedural ground for foreclosing federal habeas corpus review) (citing *Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011)); *Callender v. Warden, Ross Corr. Inst.*, No. 2:16-cv-1120, 2017 WL 3674909, at *6 (S.D. Ohio Aug. 24, 2017). The record, as it stands, provides nothing that would justify Petitioner's failure to appeal timely the denial of his Motion to Withdraw his Guilty Plea. Moreover, there is no indication that he was actually prejudiced by

the alleged constitutional error. Thus, there is no cause and prejudice for this procedural default warranting merits review. Moreover, Petitioner has the opportunity to respond to the issue of procedural default by the filing of any objections. *See Watkins*, 2016 WL 4394138, at *2.

## Recommended Disposition

Based on the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of

appealability should issue.

       IT IS SO ORDERED.

Date: October 5, 2017                              /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE